RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
MARK I. RICHARDS
mir@mccunewright.com
McCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: 909557-1275

DOUGLAS C. SOHN, State Bar No. 82920
dsohn@sohnlaw.com
Sohn & Associates
16970 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone;  (619) 237-7646

Attorneys for Plaintiff Wendy Hightman,
and the putative class

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

WENDY HIGHTMAN, on behalf of herself and all others similarly situated,

            Plaintiff,

    v.

FIAT CHRYSLER US LLC, and DOES 1 through 10, inclusive,

         Defendants.

Case No.:  **'18 CV 2205 BEN KSC**

**CLASS ACTION COMPLAINT**

1. Violation of Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*)

2. Breach of Contract/Common Law Warranty (Based on California Law)

3. Breach of the Duty of Good Faith and Fair Dealing (Based on California Law)

4. Violations of California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);

5. Violation of California Consumer Legal Remedies Act (Cal. Civil Code § 1750 *et seq.*)

6. Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

**DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

*Page*

I.    OVERVIEW ..................................................................................... 1

    A.    FCA's Declining Sales, Overstocked Inventory, and Frustrated Dealers ....... 1

    B.    FCA's Lifetime Powertrain Warranty and National Advertising Campaign . 2

    C.    The Lifetime Warranty's Inspection Clause .................................................... 4

        1.    FCA Unfairly Surprised Class Members with the Inspection Clause .. 7

        2.    The Inspection Clause Contravenes Reasonable Expectations ........... 7

        3.    The Inspection Clause Produces One-sided, Unfair, and
            Harsh Results ..................................................................................... 8

II.   JURISDICTION AND VENUE .......................................................... 8

III.  PARTIES ........................................................................................... 9

IV.   FACTUAL ALLEGATIONS ............................................................ 10

    A.    Plaintiff Wendy Hightman's Purchase of a 2007 Jeep Patriot Vehicle ........ 10

    B.    Plaintiff Wendy Hightman's Transmission Repair ..................................... 10

    C.    FCA's Breach of the Lifetime Warranty ...................................................... 10

V.    CLASS ACTION ALLEGATIONS .................................................. 11

VI.   VIOLATIONS ALLEGED ................................................................ 16

    FIRST CAUSE OF ACTION:_VIOLATION OF MAGNUSON-MOSS
        WARRANTY ACT ......................................................................... 16

    SECOND CAUSE OF ACTION:_BREACH OF CONTRACT/COMMON
        LAW WARRANTY ......................................................................... 18

    THIRD CAUSE OF ACTION:_BREACH OF DUTY OF GOOD FAITH
        AND FAIR DEALING ................................................................... 19

    FOURTH CAUSE OF ACTION:_VIOLATION OF CALIFORNIA FALSE
        ADVERTISING LAW .................................................................... 20

CLASS ACTION COMPLAINT
Case No.:

1

## TABLE OF CONTENTS (cont.)

2
*Page*

FIFTH CAUSE OF ACTION:_VIOLATION OF CALIFORNIA CONSUMER
LEGAL REMEDIES ACT ...................................................................... 21

SIXTH CAUSE OF ACTION:_VIOLATION OF CALIFORNIA UNFAIR
COMPETITION LAW ............................................................................ 23

DEMAND FOR JURY TRIAL ........................................................................ 26

-ii-

Plaintiff Wendy Hightman, an individual, on behalf of herself and on behalf of all others similarly situated (*i.e.*, the members of the Plaintiff Class described and defined within this Complaint), herein alleges as follows:

## I.    OVERVIEW

1.    This is a civil action challenging Defendant Chrysler Automobiles US LLC's (hereinafter "FCA") breach of its Lifetime Limited Powertrain Warranties (hereinafter "Powertrain Warranty" or "Lifetime Powertrain Warranty") for 2006, 2007, 2008, and 2009 Chrysler, Dodge, and Jeep vehicles sold and delivered on or after July 26, 2007, with a Lifetime Powertrain Warranty (hereinafter collectively referred to as ("Class Vehicles"). [1]

## A.    FCA's Declining Sales, Overstocked Inventory, and Frustrated Dealers

2.    By the first half of 2007, FCA's (at the time named "DaimlerChrysler Motors Company LLC") U.S. sales were down about one percent. [2]  The company was in the early stages of its financial freefall; layoffs of 13,000 workers had been announced, plants were closing, rumors of a merger or buyout were surmounting, and consumer reports reflected low confidence in the reliability of FCA vehicles. [3]  To make matters worse, the company was facing significant backlash from their dealers, who were frustrated by overstocked inventories. [4]

3.    To ease the tensions with their dealers, earlier that year, Steven Landry – FCA's Executive Vice President of Sales and Marketing at the time – met with the

---

[1] Excluded from Class Vehicles are SRT, Sprinter, diesel equipped, and all Ram Cab/Chassis vehicles; these vehicles were not sold with Lifetime Warranties.

[2] *See* https://www.reuters.com/article/us-chrysler-warranty-idUSN2620687220070726 [last accessed September 18, 2018] *see also*; https://www.mediapost.com/publications/article/64687/chrysler-bows-to-dealers-with-industry-first-lifet.html [Last accessed August 22, 2018].

[3] *See* https://money.cnn.com/2007/02/14/news/companies/chrysler_jobcuts/index.htm?postversion=2007021409 [last viewed on August 20, 2018]; *see also* https://www.consumerreports.org/cro/news/2007/10/consumer-reports-2007-annual-car-reliability-survey-highlights/index.htm [last viewed on August 20, 2018].

[4] *Supra* note 2.

CLASS ACTION COMPLAINT
Case No.:

national dealer's council to discuss their agitations.[5]  Topping the list of their frustrations; overstocked inventory, lack of coordinated marketing, and lack of competitive warranty offerings.[6]  Despite the competitive financial inventive offerings, customers were reporting to dealers that vehicle warranties, specifically powertrain, was the chief consideration to their purchase.[7]  And FCA's independent consumer research supported this.  This research showed that new-car shoppers said they would consider buying one of FCA's vehicles if offered a lifetime powertrain warranty.[8]

**B.     FCA's Lifetime Powertrain Warranty and National Advertising Campaign**

4.     On July 26, 2007, FCA made an announcement that it hoped would drive sales and increase brand confidence.  Effective immediately, the company would offer a Lifetime Limited Powertrain Warranty on 88 percent of their fleet models.[9]  Being an unprecedented warranty offering, the announcement received coverage from a multitude of news media outlets across the country.[10]

5.     To say FCA's Lifetime Warranty was a selling point would be an understatement; it was THE selling point of their vehicles at the time.  FCA touted the Lifetime Warranty with a nationally integrated TV, print, and internet advertising campaign.  The Warranty received its own logo; an infinity symbol bound by four wheels

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *See* https://www.reuters.com/article/us-chrysler-warranty/chrysler-using-lifetime-warranty-to-boost-sales-idUSN2620687220070726 [last viewed August 23, 2018].

[9] *See* http://www.foxnews.com/story/2007/07/27/chrysler-offers-lifetime-warranties-on-car-and-truck-powertrains.html [Last viewed August 23, 2018].

[10] *Id.; see also* https://www.wsj.com/articles/SB118547434253679182 [last viewed August 23, 2018]; http://articles.latimes.com/2007/jul/27/business/fi-chrysler27 [last viewed August 22, 2018]; https://www.mercurynews.com/2007/07/26/chrysler-offers-lifetime-warranties-on-car-and-truck-powertrains/ [last viewed August 23, 2018]; https://money.cnn.com/2007/10/02/autos/warranty_tricks/index.htm [last viewed August 22, 2018].

CLASS ACTION COMPLAINT
Case No.:

– denoting the lifetime coverage on the vehicle.  Print and online advertisements boasted statements such as "the best warranty coverage in the business" and "with this warranty, you're covered for the lifetime of the vehicle."[11]  The "lifetime theme" was even built into commercial slogans; for Dodge: "Grab life, for a lifetime."; for Jeep: "have a lifetime of fun out there".[12]  FCA's executives pushed these advertisements with publics statements such as:

> This new Chrysler Lifetime Powertrain Warranty is a statement
> of confidence to our customers to the reliability of their
> powertrain.  It's peace-of-mind reassurance for as long as they
> own the vehicle.

6.    From 2007 through 2009, FCA sold hundreds of thousands of Class Vehicles by providing these lifetime assurances to consumers.  None of the advertisements disclosed that the Life Warranty was subject to the inspection requirement (discussed below) and would be void if those inspection were not performed within the arbitrarily narrow window of time.



---

[11] *See* https://www.nytimes.com/2007/08/16/business/media/16adco.html?mtrref=www.google.com [last viewed August 23, 2018]; *see also* https://www.youtube.com/watch?v=CKiq5qWzD_Q [last viewed August 23, 2018].

[12] *Supra* note 2.

CLASS ACTION COMPLAINT
Case No.:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20  **C.    The Lifetime Warranty's Inspection Clause**

21        7.    But "peace-of-mind reassurance" was a hollow promise; FCA included an

22  unconscionable provision to the Lifetime Warranty.  This provision – which wasn't

23  communicated to Class members prior to their purchase – required the Class Vehicles to

24  undergo a powertrain inspection within 60 days of each 5-year anniversary of the in-

25  service date of the vehicle (hereinafter referred to as "the Inspection Clause").  FCA has

26  routinely voided the Lifetime Powertrain based on the failure to have the powertrain

27  inspected within that arbitrarily narrow window.

28

CLASS ACTION COMPLAINT
Case No.:

8.      Many years later, after being denied coverage on their claims, Class members – like Wendy Hightman – would discover that FCA voided their Lifetime Warranties for failing to perform under the Inspection Clause.  A review of consumer blogs reveals numerous reports of FCA voiding Class Vehicle Lifetime Warranties without reasonable justification.  Below are a few representative examples of these reports:

**Make & Model:** Chrysler Town & Country

**Year:** 2008

**Complaint:**

I bought a 2008 Chrysler town & country and put it into service 21 Aug 2007.  I chose this manufacturer specifically for the lifetime warranty. . . .the five year inspection was done within the constraints of Chrysler's warranty by the original dealer's service department.

I vaguely remember the inspection being done because the vehicle was in for a recall.  Regardless of the reason,  the free inspection was completed at the five year point,  but I missed the 10-year inspection. . .  My transmission failed and I had the vehicle towed to another dealer for what I assumed would be warranty covered.  The dealer said the warranty was expired and the cost to fix was over $4800 . . .[13]

**Make & Model:** Chrysler 300

**Year:** 2008

**Complaint:**

I purchased my 08 Chrysler 300 in 2009.  At the time, I also purchased the Mopar vehicle protection plan coverage for the life of the vehicle. . . . It gave me the piece of mind that if I ever had any issues with the vehicle

It would be covered.  I get my vehicle serviced at the Chrysler dealership frequently and have minimal maintenance issues until now.  On Friday 12/09/2016 I experienced a coolant leak,

---

[13] *See* https://www.ripoffreport.com/reports/chrysler/missouri/chrysler-chrysler-dodge-jeep-eagle-ram-dodge-jeep-eagle-ram-cancelled-lifetime-e-1444040 [last viewed August 23, 2017]

CLASS ACTION COMPLAINT
Case No.:

I promptly called my Chrysler vehicle protection to make sure it was covered. Much to my surprise, I was informed by the representative the powertrain portion of my warranty had been voided due to a missed 5-year inspection . . . [14]

**Make & Model:** Dodge Magnum

**Year:** 2007

**Complaint:**

Chrysler failed to provide the required information regarding the inspection requirement of the lifetime limited powertrain warranty that came with my 2007 dodge magnum. I did not have any knowledge of the inspection and it is not in my warranty booklet, and now Chrysler has terminated my coverage due to missing the inspection. [15]

**Make & Model:** Chrysler Pacifica

**Year:** 2007

**Complaint:**

Purchased Chrysler Pacifica in 2007 because of lifetime warranty on drive train. Even spent $1800 on an extended warranty (something we never usually do) because we planned to keep the car a long time (great driving, good for wife).

Related: Fred Beans Chrysler Dodge Jeep Ram - "PA Safety Inspection Failure!" Now I'm screwed!

In 2011, had to replace motor mounts (not a big deal and interestingly [not] covered under either warranty). No other problems until a week ago when the transmission died a horrible death. Chrysler will not honor warranty because the car was not inspected in 2012.

Called original dealer and they say inspection was not a stipulation in 2007 when car was purchased. Chrysler should have contacted us, which they never did. [16]

---

[14] *See* https://www.ripoffreport.com/reports/chrysler-company-llc/nationwide/chrysler-company-llc-chrysler-customer-assistance-department-chrysler-did-not-honor-mopar-1342995 [last viewed August 23, 2018].

[15] *See* https://www.ripoffreport.com/reports/chrysler-group-llc/nationwide/chrysler-group-llc-napleton-chrysler-jeep-dodge-ram-deceptive-lifetime-limited-powertrain-1142585 [last viewed August 23, 2018].

[16] *See* https://chrysler.pissedconsumer.com/chrysler-will-not-honor-lifetime-warranty-on-drive-train-20130714429266.html [last viewed August 23, 2018].

CLASS ACTION COMPLAINT
Case No.:

9.      Again, these are merely a few examples; similar reported instances of FCA voiding Lifetime Warranties under the Inspection Clause are prevalent.  Plaintiff and the putative Class argue that the clause – and enforcement of it – is unconscionable for the reasons explained below.

### 1.      FCA Unfairly Surprised Class Members with the Inspection Clause

10.      FCA failed to provide Class members with the specific terms and conditions of the Lifetime Warranty prior to purchasing Class Vehicles.  Moreover, the terms and conditions of the Lifetime Powertrain Warranty were not available on FCA's website and FCA's customer service department was "not empowered" to provide inquiring consumers with the terms and conditions of the Lifetime Powertrain Warranty.[17]  When consumers were finally provided with the terms and conditions *after* they had already purchased their Class Vehicle, the inspection clause – arguably the most consequential provision – was in fine print and indistinguishable from the surrounding terms.

### 2.      The Inspection Clause Contravenes Reasonable Expectations

11.      Class members could not reasonably expect the Inspection Clause to be included in the Warranty; it is not a typical provision, it serves no commercial purpose, and it is one-sided.  Inspections – unlike scheduled maintenance – do not affect the quality or fitness of powertrain components.  No preventative service or maintenance is performed during the quinquennial inspection.  If a part is prone to failure or fails, FCA is obligated under the Warranty to replace it.  The questions as to who discovered the failure, when the failure occurred, and/or when it was discovered, bears no relevancy to the product's defect.  Therefore, the lack of opportunity to conduct a powertrain inspection poses no additional risk to FCA; the inspection clause merely creates a risk of warranty cancellation for the Class members.

---

[17] *See* https://www.mouseprint.org/2007/08/06/chryslers-lifetime-warranty-the-ultimate-hidden-guarantee/ [last viewed August 20, 2018].

CLASS ACTION COMPLAINT
Case No.:

### 3.    The Inspection Clause Produces One-sided, Unfair, and Harsh Results

12.    Finally, failure to adhere to the Inspection Clause produces particularly one-sided, unfair, and harsh results.  Failure to obtain an inspection doesn't suspend coverage until performance; it voids the entire warranty.  Not only is this extremely inequitable, it contravenes public policy when considering FCA's advertising of the Lifetime Warranty. The Lifetime Warranty coverage was the chief consideration of the Class members when they purchased a Class vehicle and FCA knew this; they enticed Class members to purchase Class Vehicles by promising a Lifetime Powertrain Warranty, and then conveniently failed to mention the unconscionable terms and conditions that would void their Lifetime Warranty.

13.    This action is brought to redress Defendant's violations of the consumer protection statutes of California and the United States and to seek recovery for Defendant's breach of express warranty, breach of the duty of good faith and fair dealing, breach of common law contract, false advertising, and unfair business practices.

## II.    JURISDICTION AND VENUE

14.    This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) and (d) because (1) there are more than 100 class members; (2) the amount in controversy for the Class exceeds $5,000,000; and (3) and Plaintiff and other putative class members are citizens of a different states than Defendant.

15.    This Court has personal jurisdiction over Defendant FCA because Defendant conducted and continues to conduct substantial business in the District, and because Defendant has committed the acts and omissions complained of herein in the District.

16.    Venue as to Defendant is proper in this judicial district under 28 U.S.C § 1391 because Defendant sells a substantial number of automobiles in this district, has dealerships in this district, and many of Defendant's acts complained of herein occurred within this district.

CLASS ACTION COMPLAINT
Case No.:

### III.    PARTIES

17.    **Plaintiff Wendy Hightman** is a resident and citizen San Diego, California. Plaintiff owns a 2007 Jeep Patriot, which she purchased on October 12, 2007, from a Chrysler dealership in Guam.

18.    **Defendant FCA US LLC ("FCA")** is a Delaware limited liability company. Defendant Fiat Chrysler Automobiles N.V. ("Fiat" or together with FCA, "Fiat Chrysler" is FCA's corporate parent.

19.    Fiat's predecessor, Fiat S.p.A., began its acquisition of FCA's predecessor, Chrysler Group LLC, in 2009, and completed it in January 2014, at which time Chrysler Group LLC became a wholly owned subsidiary of Fiat and was renamed FCA US LLC.

20.     FCA's principle place of business and headquarters is located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.  Fiat, the corporate parent of FCA, is a Dutch corporation headquartered in London, United Kingdom.

21.    Fiat owns numerous European automotive brands in addition to FCA's American brands, including Maserati, Alfa Romeo, Fiat Automobiles, Fiat Professional, Lancia, and Abarth.  As of 2017, Fiat Chrysler is the seventh largest automaker in the world by unit production.

22.    Chrysler Group LLC developed and disseminated the owners' manuals, warranty booklets, product brochures, advertisements, and other promotional materials relating to the Class Vehicles, with the intent that such documents should be purposely distributed throughout all fifty states, including in California.

23.    The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.

CLASS ACTION COMPLAINT
Case No.:

24.     Subject to a reasonable opportunity for further investigation or discovery, Plaintiff alleges that Chrysler Group employees oversaw or were responsible for advertising and marketing the Lifetime Powertrain Warranty.

## IV.    FACTUAL ALLEGATIONS

### A.    Plaintiff Wendy Hightman's Purchase of a 2007 Jeep Patriot Vehicle

25.     On October 12, 2007, Plaintiff Wendy Hightman purchased a new 2007 Jeep Patriot (hereinafter "the Jeep") from a Chrysler dealership in Guam.

26.     Plaintiff was informed by a Chrysler dealership employee that her vehicle was covered by Chrysler's Lifetime Powertrain Warranty.  However, Plaintiff was not provided the terms and conditions of the warranty until after she had completed the purchase of her class vehicle.

27.     None of FCA's advertisements or warranty booklets stated that the Lifetime Warranty was subject to complete cancellation.

### B.    Plaintiff Wendy Hightman's Transmission Repair

28.     On March 13, 2017, Plaintiff – now living in San Diego, California – brought her Jeep into Carl Burger's Chrysler Jeep Dodge and RAM World (hereinafter "Burger's Chrysler") because of a "whining sound" coming from the transmission.  The technician determined the sound stemmed from a transmission fuel leak in the right-axle, repaired it, and confirmed the Jeep had "received a 16-point multi-inspection according to the maintenance interval."  No other mechanical issues were discovered by the technician.  These repairs were covered by FCA under the Lifetime Powertrain Warranty.

### C.    FCA's Breach of the Lifetime Warranty

29.     On July 6, 2018, Plaintiff Wendy Hightman brought the Jeep to Burger's Chrysler because the check engine light was on.  Following the inspection, the technician determined that the engine gasket needed to be replaced.  Plaintiff reasonably expected this to be covered under her Lifetime Powertrain Warranty but FCA denied coverage for the claim.  As justification, FCA asserted that Plaintiff failed to adhere to the maintenance inspection terms, which in relevant part provides:

CLASS ACTION COMPLAINT
Case No.:

> In order to maintain the Lifetime Powertrain Limited Warranty,
> the person . . . covered by this Power-train Limited Warranty
> must have a powertrain inspection performed by an authorized
> Chrysler, Dodge, or Jeep dealer once every 5 years. . . . The
> inspection must be made within sixty (60) days of each 5 year
> anniversary of the in-service date of the vehicle.  You must
> have the inspection performed to continue this coverage.

(hereinafter "the Inspection Clause")

30.    According to FCA, although the Jeep admittedly underwent a second powertrain inspection, such inspection did not occur within 60-days of the second 5-year purchase anniversary, but rather, seven months prior to the 10-year purchase date anniversary.  Solely on this basis, FCA declined to replace or repair the engine gasket and voided the Jeep's Lifetime Warranty.  Having no other choice, Plaintiff paid $2,307.16 to have the Jeep's engine gasket replaced by Burger's Chrysler; a repair that would have been covered by FCA's Lifetime Powertrain Warranty.

31.    On July 16, 2018, Plaintiff again brought the Jeep into Burger's Chrysler because of a transmission failure.  Again, FCA refused to cover the repair under warranty.  The cost for Plaintiff to have the transmission repaired was estimated at $5,128.87.

## V.    CLASS ACTION ALLEGATIONS

32.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a), (b)(2), and (b)(3) on behalf of the following classes:

> **Nationwide Class:**
> All persons or entities in the United States who are current
> original owners of a Class Vehicle and all current and former
> original owners of a Class Vehicle who were denied coverage
> under the Lifetime Powertrain Warranty based on the
> Inspection Clause.

CLASS ACTION COMPLAINT
Case No.:

33.     In the alternative to the Nationwide Class, and pursuant to Federal Rules of Civil Procedure, Rule 23(c)(5), Plaintiff seeks to represent the California Class in the event that the Court declines to certify the Nationwide Class above.  Specifically, the California Class consists of the following:

> **California Class**
>
> All persons or entities in California who are current original owners of a Class Vehicle and all current and former original owners of a Class Vehicle who were denied Lifetime Powertrain Warranty coverage based on the Inspection Clause.

34.     Together, the Nationwide Class and the California Class shall be collectively referred to herein as "the Class."  Excluded from the above Class are Defendant, its employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly own subsidiaries or affiliated companies; class counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case, and all persons within the third degree of relationship to any such persons.

35.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

36.     This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rules of Civil Procedure, Rule 23.

37.     **Numerosity of the Class (Federal Rules of Civil Procedure, Rule 23(a)(1))** – The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes that there are tens of thousands of current original owners of Class Vehicles and former original owners of Class Vehicles who were denied coverage under the Lifetime Powertrain Warranty based on the Inspection Clause.  Because the class members may be identified through business

CLASS ACTION COMPLAINT
Case No.:

1    records regularly maintained by Defendant and its employees and agents, government

2    records, and the media, the number and identities of class members can be ascertained.

3    Members of the Class can be notified of the pending action by e-mail, mail, and

4    supplemented by published notice, if necessary.

5        38.    **Commonality and Predominance (Federal Rules of Civil Procedure,**

6    **Rule 23(a)(2) –** There are questions of law and fact common to the Class.  These

7    questions predominate over any questions affecting only individual class members.

8    These common legal and factual issues include, but are not limited to:

     a.  Whether FCA breached the expressed terms of the Lifetime Powertrain

        Warranty in their systematic denial of valid Lifetime Powertrain

        Warranty claims, based on the Inspection Clause.

     b.  Whether the Inspection Clause produces unfair and harsh results; thus,

        rendering it unconscionable.

     c.  Whether FCA breached the covenant of good faith and fair dealing by

        denying coverage for Lifetime Powertrain Warranty claims based on the

        Inspection Clause.

     d.  Whether Plaintiff and members of the class are entitled to equitable,

        legal, or injunctive relief and, if so, in what amount.

    39.    **Typicality (Federal Rules of Civil Procedure, Rule 23(a)(3))** – The claims

of the representative Plaintiff are typical of the claims of each member of the Class.

Plaintiff, like all other members of the Class, is both a current original owner of a Class

Vehicle and has sustained damages arising from Defendant's cancellation of her Lifetime

Powertrain Warranty based on the Inspection Clause. as alleged herein.  The

representative Plaintiff and the members of the Class were and are similarly or identically

harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of

misconduct engaged in by Defendant.

    40.    **Adequacy (Federal Rules of Civil Procedure, Rule 23(a)(4))** – The

representative Plaintiff will fairly and adequately represent and protect the interests of the

-13-

Class members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

41. **Superiority (Federal Rules of Civil Procedure, Rule 23(b)(3))** – This suit may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices, as well as motor vehicle registration databases in California and all other states within the United States. To the extent that any further

CLASS ACTION COMPLAINT
Case No.:

notices may be required, the Class Plaintiff would contemplate the use of additional media and/or mailings.

43.     This action is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

a.     without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

i.     inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

ii.     adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

b.     the parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

c.     common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

i.     the interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

ii.     the extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

iii.     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

CLASS ACTION COMPLAINT
Case No.:

iv.     the difficulties likely to be encountered in the management of a Class Action.

## VI.    VIOLATIONS ALLEGED

## FIRST CAUSE OF ACTION

## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

## (15 U.S.C. § 2301, et seq.)

**(On behalf of the Nationwide Class, or Alternatively the California Class)**

44.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

45.    Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class or, alternatively, on behalf of the California Class.

46.    Plaintiff and the Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

47.    FCA is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5);

48.    The Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

49.    Title 15, United States Code, section 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

50.    FCA's Lifetime Warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

51.    FCA breached these warranties as described in more detail above.  All Class Vehicles were sold with the Lifetime Powertrain Limited Warranty and are subject to the same terms and conditions.

52.    As described above, FCA violated the Magnusson-Moss Warranty Act, 15 U.S.C. § 2302(b)(1)(A); 16 C.F.R. § 702.3 by failing to make the Lifetime Warranty

-16-

available or visible to Plaintiff and other Class members prior to the sale of the Class vehicles.

53.     Plaintiff and the other Class members have had sufficient direct dealings with either FCA or its agents (dealerships and technical support) to establish privity of contract between FCA, on the one hand, and Plaintiff and each of the other Class members on the other hand.  Nonetheless, privity is not required here because Plaintiff and each of the other Class members are intended third-party beneficiaries of contracts between FCA and its dealers, and specifically, of FCA's express Lifetime Powertrain Warranty.  The dealers were not intended to be the ultimate consumers of the Class Vehicles and have no rights under the warranty agreements provided with the Class Vehicles; the warranty agreements were designed for and intended to benefit the consumers only.

54.     Affording FCA a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here.  Plaintiff has already done so by contacting FCA after being told that her engine gasket would not be covered under the Warranty because its void.

55.     As a direct and proximate cause of Defendant's breach, Plaintiff and the other Class Members bought Class Vehicles they otherwise would not have, overpaid for their vehicles, did not receive the benefit of their bargain, and their Class Vehicles suffered a diminution in value.  Plaintiff and Class Members have also incurred and will continue to incur costs related to the diagnosis and repair of the defective powertrain parts.

56.     The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

CLASS ACTION COMPLAINT
Case No.:

57.    Plaintiff, individually and on behalf of the other Class members, seeks all damages permitted by law, including diminution in value of the Class Vehicles, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT/COMMON LAW WARRANTY

### (Based on California Law)

### (On behalf of the California Class)

58.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

59.    Plaintiff, individually and on behalf of the other Class members, pleads in the alternative under common law warranty and contract law.

60.    Plaintiff brings this claim on behalf of herself and on behalf of the California Class.

61.    FCA breached this warranty or contract obligation by refusing to repair or replace powertrain components of the Class Vehicles and voiding the Lifetime Powertrain Warranty.

62.    The material terms of the contract also included the implied covenant of good faith and fair dealing, whereby FCA covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiff and each Class member fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's and the Class members' rights and benefits under the contract.

63.    To the extent that FCA attempted to limit its obligations of warranty coverage with the Inspection Clause, that clause is unconscionable as stated above and, in any event, was not available, much less disclosed, to Plaintiff and Class Members until after the purchase of the Class Vehicles.

64.    As a direct and proximate result of FCA's breach of contract or common law warranty, Plaintiff and the other Class members have been damaged in an amount to be

CLASS ACTION COMPLAINT
Case No.:

proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

## THIRD CAUSE OF ACTION

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

### (Based on California Law)

### (On behalf of the California Class)

65.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

66.     Plaintiff brings this claim on behalf of herself and on behalf of the California Class.

67.     All contracts in California contain an implied covenant of good faith and fair dealing.  The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

68.     Defendant acted in bad faith to deny Plaintiff and the Class Members some benefit of the bargain originally intended by the parties, thereby causing them injuries in an amount to be determined at trial.

69.     FCA breached the contract and the implied covenant of good faith and fair dealing by denying Plaintiff's claim and voiding her warranty without reasonable justification.

70.     As a direct and proximate result of FCA's breach of the duty of good faith and fair dealing, Plaintiff and the other Class members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

CLASS ACTION COMPLAINT
Case No.:

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**

**(California Business & Professions Code §§ 17500, *et seq.*)**

**(On behalf of the California Class)**

71.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

72.    California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

73.    FCA caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, including statements that Class members "would receive peace-of-mind reassurance for as long as they own the vehicle" with the Lifetime Powertrain Warranty. However, the Warranty included an unconscionable provision – the Inspection Clause – which was not disclosed to consumers prior to the point of purchase, that made it subject to complete cancellation.

74.    FCA violated section 17500 because the representations and omissions regarding the Lifetime Powertrain Warranty for the Class Vehicles as set forth in this Complaint were material and likely to mislead a reasonable consumer.

75.    Plaintiff and the other Class members suffered an injury in fact, including the loss of money or property, as a result of FCA's unfair and misleading practices.  In purchasing their Class Vehicles, Plaintiff and the other Class members relied on the misrepresentations and/or omissions regarding the Lifetime Warranty.  FCA

-20-

representations Class members "would receive peace-of-mind reassurance for as long as they own the vehicle" with a "Lifetime Powertrain Warranty" turned out not to be true, as stated above.  Had Plaintiff and the other Class members known this, they would not have purchased their Class Vehicles and/or paid as much for them.

76.    All of the wrongful conduct alleged herein occurred in the conduct of FCA's business.  FCA's wrongful conduct is part of a pattern or generalized course of conduct perpetuated both in the State of California and nationwide.

77.    Plaintiff, individually and on behalf of the other Class members, request that this Court enter such orders or judgments as may be necessary to enjoin FCA from denying future Lifetime Powertrain Warranty claims and to restore to Plaintiff and the other Class members any money FCA acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

**FIFTH CAUSE OF ACTION**

**Violation of California Consumer Legal Remedies Act**

**(Civil Code § 1750 *et seq.*)**

**(On behalf of the California Class)**

78.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

79.    California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

80.    The Class Vehicles are "goods" as defined in California Civil Code § 1761(a).

81.    Plaintiff and the other Class members are "consumers" as defined in California Civil Code § 1761(d), and Plaintiff, the other Class members, and Defendant are "persons" as defined in California Civil Code § 1761(c).

-21-

CLASS ACTION COMPLAINT
Case No.:

82.    Plaintiff's and each and every Class members' purchase of the subject vehicle constitute "transactions" as defined by California Civil Code § 1761(e).

83.    The acts and practices of Defendant as discussed throughout the Complaint, constitute "unfair or deceptive acts or practices" by Defendant, that are unlawful, as enumerated in section 1770(a) of the California Civil Code, specifically in at least the following CLEA provision:

    i.    Cal. Civ. Code § 1770(a)(5): Representing that goods have characteristics, uses, and benefits which they do not have;

    ii.    Cal. Civ. Code § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

    iii.    Cal. Civ. Code § 1770 (a)(19): inserting an unconscionable provision in the contract.

84.    Plaintiff and the other Class members have suffered injury in fact and actual damages resulting from FCA's inclusion of the Inspection Clause in the Lifetime Powertrain Warranty.

85.    FCA had superior bargaining power to the Plaintiff; they drafted the Warranty terms and those terms were non-negotiable.  Moreover, the Inspection Clause was not disclosed to Class members prior to their purchase.  The facts concealed and omitted by FCA to Plaintiff and the other Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Class Vehicles or pay a lower price.

86.    As stated in detail above, the Inspection Clause resulted in unfair and harsh results.  Moreover, it served no viable commercial purpose.

87.    Had Plaintiff known about the Inspection Clause, they would not have purchased the Class Vehicles or would not have paid the prices they paid in fact.

88.    Such misconduct materially affected the purchasing decisions of Plaintiff and the members of the Classes.

-22-

89.    Plaintiff's and the other California Class members' injuries were proximately caused by FCA's unfair and deceptive business practices.

90.    Plaintiff seeks restitution and injunctive relief pursuant to California Civil Code § 1780.

91.    Plaintiff has provided Defendant with notice of his alleged violations of the CLRA pursuant to California Civil Code § 1782(a).  If, within 30 days of the date of this written notice, Defendant fails to provide appropriate relief for their violation of the CLRA, Plaintiff will amend this Complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive relief now being sought, under the CLRA.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### (California Business & Professions Code §§ 17200, *et seq.*)

### (On behalf of the California Class)

92.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

93.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, defines unfair business competition to include any "unfair," "deceptive," "unlawful," or "untrue" business act or practice.  The Act also provides for injunctive relief, restitution, and disgorgement of profits for violations.

94.    FCA's misleading, deceptive, unfair, and business acts and practices, as described throughout this Complaint, was and is in violation of the UCL.  FCA's conduct violates the UCL in the following ways:

           i.    by knowingly and intentionally concealing from Plaintiff and the other Class Members prior to their purchase of a Class Vehicle that the Lifetime Powertrain Warranty was conditioned upon an arbitrary requirement that Class Vehicles be inspected within 60 days of every five-year anniversary of the purchase date while obtaining money from Plaintiff and the Class Members;

CLASS ACTION COMPLAINT
Case No.:

        ii.  by representing to Class members that they "would receive peace-of-mind reassurance for as long as they own the vehicle" with the Lifetime Powertrain Warranty;

      iii.  by refusing or otherwise failing to honor the Lifetime Powertrain Warranty based on the unconscionable Inspection Clause;

      iv.  by violating federal laws, including the Magnuson-Moss Warranty Act. 15 U.S.C. § 2301;

       v.  by violating California's False Advertising Law, California Civil Code §§ 17500, *et seq.*; and

      vi.  by violating California's Consumer Remedies Act, California Civil Code §§ 1770 (a)(19).

95.    FCA's misrepresentations and omissions alleged herein caused Plaintiff and the other Class members to make their purchases of their Class Vehicles.  Absent those misrepresentations and omissions, Plaintiff and the other Class members would not have purchased these Vehicles, would not have purchased these Class Vehicles at the prices they paid, and/or would have purchased less expensive alternative vehicles with practicable warranty conditions.

96.    Defendant's practice is also unfair since it has no utility and, even if it did, any utility is outweighed by the gravity of harm to Plaintiff and the Class members. Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweigh its benefits.

97.    Accordingly, Plaintiff and the Class members have suffered injury in fact, including lost money or property as a result of FCA's actions, misrepresentations, and omissions.

98.    Plaintiff seeks to enjoin further unlawful and/or unfair practices by FCA, under California Business and Professions Code §§ 17200 *et seq*.

99.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin FCA from continuing their unfair and unlawful practices.

CLASS ACTION COMPLAINT
Case No.:

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, demands judgment against and general and special relief from Defendant as follows:

1.    for an order certifying that the action may be maintained as a Class Action as defined herein and appointing Plaintiff and her counsel of record to represent the defined Class;

2.    for an order enjoining Defendant under California Business and Professions Code §§ 17203 and 17535 and California Civil Code §§ 1780 and 1781:

   a.  from engaging in the wrongful conduct of voiding the Lifetime Powertrain Warranty based on the unconscionable Inspection Clause as alleged herein; and

   b.  to disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

3.    for damages under the causes of breach of express warranty, breach of contract and/or the covenant of good faith and fair dealing;

4.    for reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5, and other statutes as may be applicable;

5.    for prejudgment interest to the extent allowed by law;

6.    for costs of suit incurred herein; and

7.    for such other and further relief as the Court deems appropriate

DATED:  September 24, 2018          MCCUNE WRIGHT AREVALO, LLP


                                    BY:   */s/ David C. Wright*_____
                                          David C. Wright
                                          Attorney for Plaintiff

-25-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

DATED:  September 24, 2018            **McCune Wright Arevalo, LLP**


BY:   */s/ David C. Wright*
David C. Wright
Attorney for Plaintiff

CLASS ACTION COMPLAINT
Case No.: